[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO MODIFY CUSTODY
The parties herein had their marriage dissolved in 1987 with the plaintiff mother receiving custody of the minor child.
The child has been living with her mother since that time. She has had emotional problems and aggressive tendencies requiring medical treatment including hospitalizations.
In February of 1992, the mother, who was living in Florida, decided to send the child to live with her father in Connecticut because she, the mother, was having difficulties caring for her after having surgery on an arm; and, also to have the child re-examined and, if necessary, treated for her emotional difficulties. The mother gave the father written authorization to carry out any medical care determined to be required. The father did provide the medical care for the child. The child's emotional well-being improved considerably with treatment. She was able to complete kindergarten, she was weaned from the drugs which were previously prescribed for her. She, however, still requires continuing treatment. CT Page 6673
The mother has now requested that the father return the child to her. The father seeks to obtain custody of the child and has filed the present Motion for Modification of Custody.
The court finds; that, the mother was serving the child's best interest when she sent the child from her home in Florida to stay with her father in Connecticut seeking additional medical care for the child, as well as to provide the for the care of the child while the mother's arm was healing after surgery.
Further, the court finds that the father has provided needed medical attention, schooling and care for the child. That her emotional problems have lessened. That, further medical treatment would benefit the child.
That it is not in the best interests of the child to be relocated at this time. That she continue to receive ongoing medical and/or psychological treatment.
That, the custody issue needs an indepth investigation by the Family Relations Division.
Therefore, the court orders that temporary custody of the minor child be with the father, with reasonable visitations to the mother, that the father provide continuing medical attention to the child as well as provide for her support.
That the prior order of support is vacated until further order of this court.
That the Family Relations Division is to conduct a custody study to determine the suitability of each parent as a custodian of the minor child. That this study be conducted with reasonable diligence.
That the issue of custody based upon the best interests of the minor child be continued until the court receives the report of the Family Relations custody order.
It is so ordered.
JULIUS J. KREMSKI STATE TRIAL REFEREE CT Page 6674